# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WINSTON J. CRADDOCK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-655** |
| **N. BURL CAIN, WARDEN** | **SECTION "J"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.  A "Motion To Stay in Abeyance of Petitioner's Federal Habeas Corpus"(Rec. Doc. No. 16) was filed by pro se petitioner, Winston J. Craddock ("Craddock"), seeking a stay in this 28 U.S.C. § 2254 federal habeas corpus proceeding until such time as the state courts had completed review of his post-conviction writ applications.  The respondent opposed the motion (Rec. Doc. 20).  The court granted said motion for the reasons previously stated and on the

additional grounds as noted herein.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is hereby recommended that the instant federal habeas petition be STAYED, that the Clerk of Court mark this matter as administratively CLOSED, and that petitioner be given thirty (30) days after the Louisiana Supreme Court rules on his Writ No. 2011-KH-2622 within which to file a motion to re-open these habeas corpus proceedings with this court.

I.    **Factual and Procedural Background**

Craddock filed the captioned proceeding seeking issuance of a writ of habeas corpus in connection with his August 2001 conviction in St. Tammany Parish for second degree murder. Craddock was given a life sentence, without benefit of parole, probation or suspension of sentence for his crime. Craddock's conviction and sentence was affirmed by the Louisiana First Circuit Court of Appeal on September 27, 2002.[1] The Louisiana Supreme Court denied Craddock's subsequent writ application on March 28, 2003, without stated reasons.[2]

---

[1] *State v. Craddock*, Writ No. 2001 KA3015 (La. 1st Cir. 2002), a copy of which is located in State supplemental record 1 of 1.

[2] *State v. Craddock*, 840 So.3d 568 (La. 2003), a copy of which is located in State supplemental record 1of 1.

Craddock then filed a state post-conviction application for relief (PCR) on March 22, 2004, raising claims of prosecutorial misconduct, ineffective assistance at trial and on appeal, perjured testimony, and cumulative error. A hearing was set for December 14, 2004, then continued until March 31, 2005. Subsequently, the matter was continued by the trial court <u>without</u> <u>date.</u>

On October 12, 2009, more than five and one-half years later, Craddock, with counsel, filed an amended application for post-conviction relief with the state trial court. He supplemented his perjured testimony claim to include a claim of newly discovered evidence relative to a witness's recantation and he added a claim of newly discovered medical evidence. On January 14, 2010, the state district court denied the PCR on the merits in a 6 page written opinion.[3] A subsequent writ of review submitted to the Louisiana Court of Appeal, First Circuit, was denied on June 17, 2010, and the Louisiana Supreme Court denied a writ of review on March 4, 2011.[4]

On or about March 12, 2011, Craddock filed the instant federal habeas corpus petition in this court, *pro se*[5]. Therein, Craddock claims that he was: 1) denied due

---

[3] See State supplemental rec. 2 of 2.

[4] See State supplemental rec. 2 of 2.

[5] Under the prison mailbox rule applied by the U.S. Fifth Circuit Court of Appeals, Craddock's *pro se* petition would be deemed filed as of the date he placed it in the prison mail system. *Hernandez v. Thaler*, 630 F.3d 420 (5th Cir. 2011), citing *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009)(per curiam). Generally, the date a prisoner signs a petition is presumed to be the date he delivered it to prison officials for mailing. See *Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D.

process due to perjured testimony and/or a *Brady* violation; 2) denied his right to confrontation (due to a sequestration violation); 3) denied his rights under *Brady* and the Confrontation Clause when the trial court denied, without a hearing, his post-conviction application based on finding the an investigator's affidavit detailing a witness's recantation to be "hearsay" and thus "not credible"; 4) denied the right to a hearing on his claim of ineffective assistance; and, 5) denied right to a hearing on his claim that he was denied a fair trial based upon cumulative error. While Craddock's federal petition was pending, Craddock filed a second PCR application with the state trial court on July 6, 2011, asking that court to reconsider his initial PCR claims in light of new evidence,[6] in the form of the recanting witness's own affidavit in which she indicated her trial testimony was false as a result of police coercion and threats. Therein, petitioner claimed the witness's affidavit proved he was denied due process due to perjured testimony and a *Brady* violation. On July 13, 2011, the trial

---

La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition). In this case, Craddock dated and signed his petition in two places: one, dated March 22, 2011 on page 7 of 37, Fed. Doc. 3; and, another, dated March 12, 2011 on page 8 of 37, Fed. Doc. 3. The court gives him the benefit of the earlier date.

[6]Craddock relied on the exception to the time bar set forth in Louisiana Code of Criminal Procedure 930.8(A)(1), which provides that the two year limitation period for filing state post-conviction applications may commence once a petitioner learns of "facts upon which the claim is predicated (which) were not known to the petitioner or his attorney." La. C.Cr. P. art. 930.8 (A)(1).

court, in a one-word order ("denied"), rejected Craddock's claims. On August 15, 2011, petitioner subsequently appealed to the Louisiana First Circuit Court of Appeal, again attempting to have the new affidavit of Ms. Holifield considered under the exception set forth in La. C. Cr. P. art. 930.8 (A)(1). That writ was subsequently denied by that court on November 9, 2011, according to the Clerk of Court, Louisiana Court of Appeal, First Circuit.[7] Craddock subsequently filed a writ of review with the Louisiana Supreme Court, Writ No. 2011-KH-2622, seeking to have the lower courts' rejection of his claims, based upon new evidence, reviewed. This court has confirmed that said writ is still pending before the Louisiana Supreme Court.[8]

The State filed its response on August 25, 2011, prior to petitioner's writ on his second PCR being rejected by the Louisiana Court of Appeal, First Circuit. In its response, the State concedes that the claims raised in the federal petition were exhausted and timely filed. The State urges the court, however, to deny Craddock's petition on the merits.[9] With regard to petitioner's claim of perjured testimony/Brady violation based on new evidence, the State specifically asks the court to reject consideration of such claim under the standard set forth in *Cullen v. Pinholster*, --U.S.

---

[7]A staff member of this Magistrate Judge contacted a Deputy Clerk of the Louisiana Court of Appeal, First Circuit, and confirmed that the writ had been denied.

[8]A staff member of this Magistrate Judge contacted a Deputy Clerk of the Louisiana Supreme Court and confirmed that the writ is still pending before that court.

[9]Fed. Doc. 13.

–, 131 S.Ct. 1388 (2011). The State claims that, because the affidavit of recanting witness, Constance Morris Holifield, was not obtained until January 24, 2011and petitioner has yet to present said affidavit to the highest state court for consideration relative to his perjured testimony claim, the claim is non-reviewable in this court. The State also argues, in its response in opposition to the motion to stay, that without such evidence, petitioner cannot show that habeas relief is warranted or that a stay is needed.[10]

Craddock then filed a Traverse to the State's Opposition, claiming first that the State was untimely in filing its response to the motion to stay; and, second, that under *Rhines* (*v. Webber*, 544 U.S. 269, 125 S.Ct. 1528 (2005)), he is entitled to a stay until such time as the state courts complete full review of his second post-conviction application.[11]

Petitioner's contention that the respondent was untimely in filing its response is hereby rejected because the record shows that the response was due to this court on September 30, 2011 (Fed. Doc. 17). An extension of time was subsequently sought by the State and a deadline of October 11, 2011 was set by the court (Fed. Doc. 19).

---

[10]Fed. Doc. 20.

[11]Fed. Doc. 21.

The State filed the response to the Motion to Stay on October 11, 2011, timely complying with this Court's Order.

## II.   Analysis

The State argues that petitioner should be denied a stay based upon the standard enunciated in *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  In *Rhines*, the Supreme Court held that stay-and-abeyance was an extraordinary remedy not to be made readily available to a habeas petitioner. The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," and is appropriate <u>only</u> when the district court determines that there was "good cause" for the failure to exhaust.  *Id.*, at 277.  Furthermore, stays are improper when the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay."  *Id.*

"Section 2254(b) requires that prisoners must ordinarily exhaust state remedies before filing for federal habeas relief."  *Cullen v. Pinholster*, 131 S.Ct. at 1399. In the instant case, the State argued, in its response to the habeas petition, that Craddock had exhausted his claims. Specifically, with regard to the perjured testimony/*Brady* claim, the record shows that Craddock pursued that claim through the state courts *with the affidavit of an investigator* who had interviewed the alleged "recanting witness",

Connie Morris Hollifield.[12] Craddock did not, however, present the legal support for his claim in the form of the affidavit of the recanting witness ( Ms. Holifield) herself, although he is presently attempting to do with his most recent post-conviction proceedings filed in the state courts.

The U.S. Supreme Court has made clear that, in order to exhaust, a federal habeas petitioner must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim". *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277 (1982), citing *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509 (1971). In *Cullen*, the Supreme Court found that Congress intended to "channel prisoners' claims first to the state courts." *Id.* at 1398-99. Since Section 2254(b) requires that prisoners exhaust state remedies before filing for federal habeas relief, the Court explained, "[i]t would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." *Id.* at 1399. Thus, the Court concluded that federal habeas

---

[12]The investigator's affidavit indicates that Connie Morris Holifield reported that she lied under oath about witnessing the shooting of victim, Harold Cresson, as a direct result of being threatened and harassed by the investigating police officers. According to the affidavit submitted by Ms. Holifield, she was threatened with being charged as an accessory and for perjury if she did not testify in accordance with the officers' wishes.

review must be limited to the state-court record that was before the state court that adjudicated the claim on the merits." *Id.* at 1398.

Based upon these Supreme Court principles, it appears that Craddock has exhausted by presenting the legal theories that support his claim to the highest state court. However, it also appears that he will be barred from having his "new evidence", i.e., the affidavit of recanting witness, Connie Holifield, reviewed by this court, for purposes of determining whether he is entitled to relief since that new evidence has not yet been reviewed by the Louisiana Supreme Court. See *Pinholster*, 131 S.Ct. at 1398.

In considering Craddock's motion for stay, this court is reluctant to apply the *Rhines v. Webber* standard because, unlike the situation in *Rhines*, Craddock does not present this court with a "mixed petition", i.e., a petition containing both exhausted and unexhausted claims. As the State concedes, Craddock's claims *are exhausted*. He is just seeking to have the same claims reconsidered by the state courts, pursuant to the exception set forth under state law in La.C.Cr. P. art. 930.8(A)(1), and in light of the new evidence which he has obtained. "Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." *Pinholster*, 131 S.Ct. 1401. Instead, the "AEDPA's goal of promoting comity, finality and federalism by giving state courts

the first opportunity to review [a] claim, and to correct any constitutional violation in the first instance" is of paramount concern.

A determination on petitioner's claims at this juncture may unnecessarily interfere with the Louisiana courts' own adjudicatory process, thus offending federal-state comity. It is still possible that the Louisiana Supreme Court could, applying principles of state law, reconsider the exhausted claims raised by Craddock in light of the new evidence presented. Additionally, a ruling by this court on the *only* evidence currently reviewable by a federal habeas court pursuant to *Pinholster*, i.e., the investigator's affidavit, may not result in a final decision on Craddock's claims. If, in fact, the highest state court were to eventually order that Craddock be provided with a state evidentiary post-conviction hearing so that he may present the testimony of the recanting witness, this court's present decision on Craddock's claims (without consideration of the new evidence) may have no actual effect. Thus, it may prove to be a waste of judicial resources at this time for this court to rule upon Craddock's claims.

If petitioner is not successful at pursuing relief in the Louisiana Supreme Court relative to his new evidence, it would also fall upon this court to determine whether he might be entitled to a federal evidentiary hearing under 2254(e)(2)[13]. To the

---

[13]The court does not imply that an evidentiary hearing would, in fact, be warranted but rather that this court would have to determine whether petitioner's failure to discover or develop the

limited extent that federal evidentiary hearings are available under AEDPA, they ensure that petitioners who diligently developed the factual basis of their claims in state court, discovered new evidence after the state-court proceeding, and cannot return to state court, retain the ability to access the Great Writ. See *Pinholster*, at 1411-1412 (Alito, J., concurring in part and concurring in judgment). Until such time as the highest state court rules upon petitioner's request that his claims be considered in light of the new evidence, this court cannot state with certainty that petitioner "cannot return to state court" in order to obtain relief.

In sum this court recognizes that a stay and abeyance procedure should be utilized infrequently. Also, a stay order must not be used to undercut the policies of comity or to disregard the state's interest in finality. However, the court finds that is not the case here. Craddock is currently before the highest state court awaiting a decision on the last round of his post-conviction process. The court finds that comity is best served and judicial resources are best used by waiting the relatively short time required to obtain a final decision by the state's highest court. Accordingly,

---

factual basis of his claim in the state court was due to his own lack of due diligence. This inquiry is similar to the inquiry currently before the highest state court as that court must determine whether petitioner's new evidence falls under the exception provided in La.C.Cr. P. art. 930.8 (A)(1).

## RECOMMENDATION

For all of the reasons stated above, it is hereby recommended that the instant federal habeas petition be STAYED, that the Clerk of Court mark this matter as administratively CLOSED, and that petitioner be given thirty (30) days after the Louisiana Supreme Court rules on his Writ No. 2011-KH-2622 within which to file a motion to re-open these habeas corpus proceedings with this court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[14]

New Orleans, Louisiana, this 3rd day of April, 2012.

_____
**LOUIS MOORE, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[14]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.